ALMON, Justice.
This appeal is from a judgment dismissing a wrongful death action.
On January 21, 1981, Leona Toomey was appointed special administratrix of the estate of Barbara Jean Murphy for the limited purpose of filing the present suit. She filed her complaint on January 29, 1981, against Courtaulds North America, Inc., and fictitious parties denominated A through U, for causing the death of Ms. Murphy on February 2, 1979. Ms. Murphy allegedly died as a result of exposure to toxic gases while working atop a spent acid tank for Courtaulds. In her second cause of action, Ms. Toomey alleged design and manufacturing defects in the valve that apparently was a factor in causing Ms. Murphy’s death. She specifically averred that the accident was caused by “the negligence of [Courtaulds, A, B, and C] in negligently manufacturing, selling, supplying, designing, distributing, and/or installing the ‘Intermediate Liqueur line’ to Spent Acid Tanks Eight and Nine and all fittings, valves and other mechanical equipment associated therewith.” Similar allegations were made in causes of action three through seven, naming Courtaulds and fictitious defendants denominated by letters.
On April 16, 1981, Courtaulds filed a motion for summary judgment which requested “summary judgment dismissing the action on the grounds that there is no genuine issue of material fact.” According to the case action summary sheet, Judge Hocklander granted the motion oh May 5, 1981, with the notation “Motion for Summary Judgment granted. Cause dismissed, costs taxed to Plaintiff.” On August 19, 1981, Ms. Toomey filed an amendment to her complaint, adding the Foxboro Company as a defendant to the second through seventh causes of action. She made the amendment expressly pursuant to Rule 15(a), A.R.Civ.P.
On October 9, 1981, the Foxboro Company filed a motion to dismiss on the ground that the claim against it was barred by the statute of limitations. Judge Hocklander denied this motion on November 6, 1981. The first setting of a trial date was May 16, *303 1983, but, prior to that date, the trial court granted Foxboro a continuance.
The case was delayed during a lengthy court battle between Ms. Toomey and Jake Lott, Ms. Murphy’s purported common law husband, to determine the proper party plaintiff.[1] Discovery, which began in 1981, continued through July of 1986. On August 8, 1986, Foxboro filed an answer to the amended complaint. On the same day, Foxboro filed a motion to set aside the order of November 6, 1981, and another motion to dismiss the action on the ground that it was barred by the statute of limitations. On October 14, 1986, Judge Byrd, who assumed the case after Judge Hock-lander’s retirement, granted Foxboro’s motion to dismiss.
The issue to be decided is whether the trial court properly granted Foxboro’s motion to dismiss on October 14, 1986. Fox-boro contends that Judge Hocklander dismissed the case in toto by his order on May .5, 1981, and, therefore, that the amendment which added it as a defendant was a nullity. Foxboro also argues that the amendment, by its own terms, does not relate back under the provisions of Rule 15(c) or 9(h) and is therefore barred by the statute of limitations. We find the first issue dispositive of the case and see no need to address this second issue.
In Ex parte Matthews, 447 So.2d 154 (Ala.1984), a complaint was filed naming Liberty Mutual Insurance Company and several fictitious parties as defendants. Liberty Mutual filed a motion to dismiss the case, which the trial court granted with the notation “[MJotion to dism. is granted. This case is dismissed. All costs taxed against plaintiff.” Both of the parties proceeded with discovery for over a year, apparently unaware that the motion had been granted. By consent of both parties, the trial court granted a “motion to reinstate” the case. Soon thereafter, the plaintiff substituted Matthews for a fictitious party and the trial court granted Liberty Mutual’s motion for summary judgment. This court held that a final judgment could not be set aside based on the consent of the named defendant, and then, in effect, the suit resurrected against a fictitious defendant. The Court said that a Rule 60(b), A.R.Civ.P., motion is the appropriate procedure for a delayed attack upon a judgment. That case explained that a “motion to reinstate” in regard to named parties could not be construed as a Rule 60(b)(6) motion for relief from judgment. Because the judgment of the trial court was final and there was no attack upon that judgment during the proper time, the Court held that there was no action pending as to those parties substituted for fictitious parties after the purported motion to reinstate.
The decision in Matthews is dispositive of this appeal. On May 5, 1981, Judge Hock-lander dismissed the action with the notation “Cause dismissed, costs taxed to Plaintiff.” This was, in both form and substance, a final judgment as to all the parties. This case is, therefore, affirmed on the authority of Matthews.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES, HOUSTON and STEAGALL, JJ., concur.
JONES, BEATTY and ADAMS, JJ., dissent.

. The initial filing of this suit had also been delayed by this dispute. Shortly after Ms. Murphy’s death, the court enjoined both Toomey and Lott from filing suit. In January 1981 the trial court appointed Toomey special adminis-tratrix for the purpose of filing a wrongful death action before the period of the statute of limitations expired.