STEAGALL, Justice.
Mary Ruck Weeks sued Toy Lee Dan-ford, alleging that Danford had negligently or wantonly caused Weeks to sustain injuries and property damage in an automobile accident. A jury returned a verdict in favor of Danford, and the trial court entered a judgment pursuant to that verdict. Weeks’s motion for new trial was denied by operation of law, and she appeals.
On October 16, 1990, Danford was driving her automobile south on Highway 27 in Geneva County; Weeks was driving her automobile immediately behind Danford’s automobile. Weeks was injured and her automobile was damaged when her automobile collided with Danford’s automobile. Weeks testified that Danford’s automobile was in the center lane and that the left turn signal on Danford’s automobile was on. Weeks stated that Danford then attempted to make a right turn and that Weeks then “proceeded to go to the right trying to avoid [Danford].” Weeks testified that she was traveling approximately 55 miles per hour at the time of the accident. Danford testified she was in the right lane immediately prior to the accident and that her right turn signal was on. Danford stated that Weeks’s automobile “left the highway and went across the grass in front of me on that westbound blacktop and landed up down there in that cable lot where she stopped.” John S. Gil-mer, a narcotics investigator with the Enterprise Police Department, who had been an accident investigator for approximately eight or nine years, was traveling behind the two automobiles. Gilmer testified that he did not see the two automobiles collide but that he saw the automobiles “separate” and come to rest after the accident. Gil-mer testified that he did not look for glass or metal on the ground to determine the point of impact of the two automobiles. The trial court refused to allow Gilmer to give his opinion as to the cause of the accident.
Weeks argues that the trial court erred in refusing to allow Gilmer to render an opinion as to the cause of the accident. Specifically, Weeks contends that Gilmer has knowledge relating to the cause of accidents beyond that of an average juror, that Gilmer’s testimony regarding the cause of the accident would have assisted the jury in distinguishing the contradictory testimony, and, therefore, that Gilmer was qualified as an expert witness and should have been allowed to express his opinion as to the cause of the accident.
In Macon County Commission v. Sanders, 555 So.2d 1054, 1058 (Ala.1990), this Court stated:
“A determination of whether a witness qualifies as an expert rests largely in the discretion of the trial judge, and that determination will be reversed only if found to be palpably wrong. An expert is defined as ‘anyone whose opportunity or means of knowledge in a specialized art or science is better than that of the average juror or witness,’ such that his testimony will aid the jury.”
(Citations omitted.) In the instant case, Gilmer did not witness the impact of the automobiles, nor did he investigate the accident. The fact that Gilmer is a former accident investigator does not alone establish that Gilmer possesses sufficient knowledge, training, and experience to qualify him as an expert to testify as to the cause of the accident. Therefore, the trial court did not abuse its discretion in refusing to allow Gilmer to render an opinion as to the cause of the accident.
Weeks also argues that the trial court erred in denying her motion for new trial, because, she alleges, she did not learn of the existence of a witness, Ernest Eugene Tyson, a state trooper who reinvestigated the accident, until after the jury had been struck and she learned during the course of the trial that the accident report upon which she had relied had been modified at Tyson’s direction. Weeks also alleges that after the trial of this case she discovered that three accident reports had been prepared.
The ruling on a motion for new trial is within the trial court’s discretion and will not be disturbed on appeal “unless some legal right was abused and the record plainly and palpably shows that the trial *389 court was in error.” Gold Kist, Inc. v. Tedder, 580 So.2d 1321, 1322 (Ala.1991) (citations omitted). In order to be entitled to a new trial on the ground of newly discovered evidence, the movant must show that the evidence was discovered after trial, that it could not have been discovered with due diligence prior to trial, that it is material to the issue and not merely cumulative or impeaching, and that it is of such a nature that a different verdict would probably result if a new trial were granted. Talley v. Kellogg Co., 546 So.2d 385 (Ala. 1989).
In her motion for a new trial, Weeks alleged, among other things, that she “has newly discovered evidence that shows that there were not two accident reports as testified to by the defendant’s witnesses, Trooper Tyson and Trooper Smith, but in fact there were three separate accident reports prepared” and she argues that the trial court erred in allowing Tyson to testify as an expert witness, because, Weeks says, no statement of qualifications and no summary of Tyson’s expected testimony had been provided to Weeks’s attorney. Weeks also argued that the trial court erred in allowing Tyson to testify as to “experiments he conducted after the fact based upon hearsay statements made to him as to what in fact occurred.”
Based on the record before us and the allegations in Weeks’s motion for a new trial, we hold that with due diligence Weeks should have discovered this evidence prior to the trial. The record does not reveal that Weeks’s legal rights have been abused or that the denial of the new trial was plainly and palpably erroneous.
The trial court’s judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, KENNEDY and INGRAM, JJ., concur.