ROBERTSON, Presiding Judge.
Peter L. Donnelly sued Club Car, Inc. (“Club Car”), Blue Dot Tops (“Blue Dot”), and Glen Lakes Country Club (“Glen Lakes”) in the Baldwin County Circuit Court seeking damages for personal injuries he sustained when a windshield on the golf cart in which he was riding shattered and struck him in the head. Donnelly’s complaint alleged negligence, wantonness, and a violation of the Alabama Extended Manufacturers Liability Doctrine (“AEMLD”). The complaint was later amended to add a claim alleging loss of consortium by Marilyn Donnelly, and to add a claim against Club Car and Blue Dot alleging negligent failure to warn.
Club Car and Blue Dot filed motions for a summary judgment on August 23, 1995, and September 19, 1995, respectively. The trial court granted both motions on March 28, 1996, by entry on the case action summary sheet. The Donnellys filed a post-judgment motion pursuant to Rule 59, Ala.R.Civ.P., to alter, amend, or vacate the summary judgments, requesting the trial court to consider additional evidence. The tiial court entered an order on January 6, 1998, denying the Donnellys’ motions.
The Donnellys appealed to the Supreme Court of Alabama, and that court transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975. After remand by this court, the trial court entered an order in compliance with Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996), certifying the summary judgments for Club Car and Blue Dot as final orders pursuant to Rule 54(b), Ala.R.Civ.P. The Donnel-lys’ case against Glen Lakes remains pending in the trial court; Glen Lakes is not a party in this appeal.
On appeal, the Donnellys broadly assert that the trial court erred in entering the summary judgments for Club Car and Blue Dot. In their argument, however, the Donnel-lys address only the AEMLD claim and the claim alleging failure to warn. Accordingly, we consider any arguments as to the Donnel-lys’ claims of negligence and wantonness waived, and we accept the summary judgment as correct with respect to those claims. Sullivan v. Alfa Mut. Ins. Co., 656 So.2d 1233 (Ala.Civ.App.1995); Mullins v. Mullins, 416 So.2d 1063 (Ala.Civ.App.1982). In its order certifying the summary judgment as final pursuant to Rule 54(b), the trial court characterized the critical issue as whether the Donnellys, who presented no expert testimony, could rely on the testimony of the expert witnesses presented by the defendants to raise an issue of fact about whether the windshield was unreasonably unsafe for its intended use.
In reviewing the disposition of a motion for summary judgment, we use the same standard as the trial court in determining “whether the evidence before [it] made out a genuine issue of material fact” and *27 whether the movant was “entitled to a judgment as a matter of law.” Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The record reveals that the accident that caused Donnelly’s injury occurred on April 25,1993. Donnelly was a passenger in a golf cart manufactured by Club Car. The upper half of the cart’s plexiglass windshield was folded down. Apparently as the result of a gust of wind and a failure to secure the clips designed to hold the windshield folded in place, the upper half of the windshield flew up and struck the frame of the golf cart. The contact with the frame shattered the windshield, and a piece of the plexiglass struck Donnelly above the right eye. As a result of the impact, Donnelly alleges that he has suffered significant mental impairment.
The golf cart was manufactured by Club Car; the windshield was manufactured by Blue Dot. The windshields were not standard equipment on the golf carts but were sent to Glen Lakes by Blue Dot, and they were installed and maintained by employees of Glen Lakes. There was testimony by various individuals that windshields were sometimes broken when struck by golf balls. Glen Lakes employees also regularly inspected the windshields and removed cracked windshields from the golf carts.'
Club Car’s expert witness, John Sims, testified that the cart’s windshield was made of impact-resistant plexiglass. He testified that the windshield shattered because of a preexisting crack. An expert witness for Glen Lakes, Henry Sewell, testified that a windshield could not be made both transparent and unbreakable, and that even a windshield ■without a preexisting crack might shatter if struck with sufficient force. Sewell testified that the fact that a windshield could be broken if enough force was applied did not mean the windshield was inherently defective. Both Sims and Sewell testified that plexiglass was an appropriate material for the windshield and that the accident would not have occurred had the “hold-down” clips been properly secured.
In Townsend v. General Motors Corp., 642 So.2d 411, 415 (Ala.1994), our Supreme Court set out the legal criteria for claims under the AEMLD:
“Under the AEMLD, a manufacturer has the duty to design and manufacture a product that is reasonably safe for its intended purpose and use. However, the manufacturer of a product is not an insurer against all harm that may be caused by the use of the product, and the manufacturer or designer is not obligated to produce an accident-proof or injury-proof product. Likewise, the failure of a product does not presuppose the existence of a defect. Proof of an accident and injury is not in itself sufficient to establish liability under the AEMLD; a defect in the product must be affirmatively shown. See Casrell v. Altec Industries, Inc., 335 So.2d 128 (Ala.1976); Atkins v. American Motors Corp., 335 So.2d 134 (Ala.1976); Sears, Roebuck & Co. v. Haven Hills Farm, Inc., 395 So.2d 991 (Ala.1981); Thompson v. Lee, 439 So.2d 113 (Ala.1983); Brooks v. Colonial Chevrolet-Buick, Inc., 579 So.2d 1328 (Ala.1991). In fact, we specifically held in Brooks, a case similar to the present case, that a complex braking system, such as the one at issue here, is ‘precisely the type of complex and technical commodity that [requires] expert testimony to prove an alleged defect.’ 579 So.2d at 1333.”
642 So.2d at 415. See also Britt v. Chrysler Corp., 699 So.2d 179 (Ala.Civ.App.1997).
*28 Although the Donnellys engage in considerable speculation as to how safe the windshield could have been made, they have presented no evidence that the windshield on the golf cart was defective. A careful examination of the record in this case shows some evidence that the windshield was cracked before the accident happened and after it had been installed on the golf cart. The record also shows undisputed evidence that the accident would not have occurred but for the failure to fasten the “hold-down” clips used to secure the windshield in the folded-down position. The disagreement between witnesses in this case concerns whether the windshield had a pre-existing crack at the time of the accident. However, even undisputed evidence of a pre-existing crack is not substantial evidence that the windshield was inherently dangerous when used for its intended purpose. Atkins, supra.
Moreover, the critical issue in this case is whether the chemical and physical composition of the plexiglass windshield was adequate to safely serve its intended purpose. This is the “type of complex and technical” issue that requires expert evidence in order to create a genuine issue of material fact as to the presence of a defect. Townsend and Britt, supra. Accordingly, we consider whether there is any expert evidence in this record, whether offered by an expert retained by the plaintiffs or retained by another party, to create a material question of fact as to the windshield’s safety in serving its intended purpose. We recognize that the defendants’ experts might, whether inadvertently or under examination by the plaintiffs, present evidence that creates a genuine issue of fact as to this issue. See, e.g., Monreal v. Waterbury-Farrel Foundry & Machinery Co., 269 Ill.App.3d 841, 207 Ill.Dec. 250, 646 N.E.2d 1337 (1995) (defendant’s expert’s testimony as to a guard on a machine press was a factor in creating an issue of fact); Loznicka v. Flexitallic Gasket Co., 489 So.2d 1229 (Fla.Dist.Ct.App.1986) (defendant’s expert’s testimony as to the reliability of particle emission testing raised an issue of fact requiring reversal of summary judgment). See also Timmerman v. Fitts, 514 So.2d 907, 913-14 (Ala.1987) (party permitted to use other party’s expert testimony in a professional malpractice action to establish a duty of care).
In this case, the only expert evidence was presented by the defendants; our examination of that evidence permits only the inference that there was no defect in the construction and composition of the windshield. The Donnellys have presented no contrary expert evidence to raise a genuine issue of material fact concerning the existence of a defect. The summary judgments for Club Car and Blue Dot on the Donnellys’ AEMLD claim that the windshield was inherently dangerous are therefore due to be affirmed.
With respect to the Donnellys’ argument that Club Car and Blue Dot negligently failed to comply with their duty to warn of the possibility that the windshield might break, we note that there is no “duty to warn” where a product is not shown to be dangerous when put to its intended use. Gurley v. American Honda Motor Co., 505 So.2d 358 (Ala.1987). If the product is not dangerous when put to its intended use, there is no duty to warn. McCaleb v. Mackey Paint Mfg. Co., 343 So.2d 511 (Ala.1977). Because the Donnellys have failed to present substantial evidence creating a genuine issue of material fact as to whether the windshield was defective, their claim that Club Car and Blue Dot breached a duty to warn must also fail.
We conclude that the trial court correctly entered the summary judgments for Club Car and Blue Dot on the Donnellys’ AEMLD and negligent failure to warn claims because the Donnellys did not present substantial evidence that the windshield was inherently dangerous.
The summary judgments are therefore due to be affirmed.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.