WISE, Justice.
Kelly Martin Lucas, the defendant below, filed a petition for a writ of mandamus requesting that this Court direct the Shelby Circuit Court to vacate its December 7, 2015, order denying her motion for a summary judgment and to grant the motion. We grant the petition and issue the writ.

Facts and Procedural History-

On August 1, 2011, there were two related automobile accidents involving Diana Lynn McKee’s vehicle on Pelham Parkway in Shelby County. In the first accident, Megan Anderson Gragg failed to stop her vehicle and allowed the front bumper of her vehicle to collide with the rear bumper of McKee’s vehicle. Shortly thereafter, in the second accident, Lucas failed to stop her vehicle and allowed the front bumper of her vehicle to collide with the rear bumper of Gragg’s vehicle, which then collided with the rear bumper of McKee’s vehicle a second time. All three drivers spoke with the law-enforcement officer who responded after the accidents, and the *924 officer later completed two accident reports.
On May 6, 2013, McKee sued Gragg, alleging negligence and wantonness in connection with the accidents.[1] She also included 16 fictitiously named defendants in her complaint and alleged that those defendants had been negligent and wanton in connection with the accidents. On March 21, 2014, after obtaining discovery from Gragg, McKee filed an amended complaint in which she named Lucas as a defendant.
On April 25, 2014, Lucas filed an answer to the amended complaint. She denied McKee’s allegations and also asserted affirmative defenses, including the expiration of the statute of limitations. Lucas subsequently filed a motion for a summary judgment and additional arguments and supplements in support of that motion. She argued that the amended complaint that named her as a defendant, which was filed more than two years after the cause of action accrued, did not relate back to the date the original complaint was filed because, she said, McKee had not exercised due diligence in attempting to discover her identity. Therefore, she concluded that McKee’s claims against her were barred by the two-year statute of limitations that is set forth in § 6-2-38(Z), Ala.Code 1975.
McKee filed responses in opposition to Lucas’s motion for a summary judgment and to Lucas’s subsequent filings in support of that motion. The gist of her arguments was that, even though she knew that there was a third driver who had collided with the rear end of Gragg’s vehicle and pushed that vehicle into hers, the investigating officer had given her information regarding only the accident report that listed Gragg as an at-fault driver and that she had filed her original complaint based on that accident report. McKee asserted that, when she received Gragg’s discovery responses on December 13, 2013, she learned for the first time that there was a second accident report that identified Lucas as the driver of the third vehicle. Finally, she alleged that, once she discovered the identity of the driver of the third vehicle, she promptly and timely filed the amended complaint. Therefore, McKee concluded, the claims against Lucas in the amended complaint related back to the filing of the original complaint and are not barred by the two-year statute of limitations.
In response to McKee’s arguments about the second accident report, Lucas argued that McKee was aware from the time of the accidents that she might have a claim against the driver of the third vehicle. She also noted that McKee conceded that she did not make any effort to locate the driver of the third vehicle, even though Lucas’s name was listed on the second accident report, a public document that would have been easy to obtain. Finally, she asserted that McKee’s lack of due diligence was not excusable simply because McKee was not an attorney.
On December 7, 2015, after conducting hearings on the summary-judgment motion, the trial court denied Lucas’s motion for a summary judgment, specifically finding that McKee had exercised due diligence, that the amended complaint related back to the filing of the original complaint, and that McKee’s claims against Lucas were not barred by the two-year statute of limitations. This petition followed.

Standard of Review

“ ‘ “Mandamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear *925 legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Horton, 711 So.2d 979, 983 (Ala.1998). “Subject to certain narrow exceptions ..., the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus.” Ex parte Liberty Nat'l Life Ins. Co., 825 So.2d 758, 761 (Ala.2002)(citing Ex parte Jackson, 780 So.2d 681, 684 (Ala.2000)).’
“Ex parte Alloy Wheels Int’l, Ltd., 882 So.2d 819, 821-22 (Ala.2003). One of the ‘narrow exceptions’ to the general rule that a ruling on a summary-judgment motion is not reviewable by a petition for a writ of mandamus is the denial of a summary-judgment motion when ‘the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue.’ Ex parte Snow, 764 So.2d 531, 537 (Ala.1999). In reviewing the grant or denial of a summary-judgment motion,
“ ‘ “we must determine whether there was a genuine issue of material fact and, if not, whether the mov-ant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the [materials before the Court] in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant.”
“ ‘Brewer v. Woodall, 608 So.2d 370, 372 (Ala.1992).
“ ‘ “A summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The party moving for the summary judgment, here [Chemical Lime], has the burden of establishing a prima facie showing that there is no genuine issue of material fact. Berner v. Caldwell, 543 So.2d 686 (Ala.1989). If the moving party makes such a showing, then the burden shifts to the nonmoving party to rebut that showing by presenting substantial evidence creating a genuine issue of material fact. Substantial evidence is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
“ ‘Young v. La Quinta Inns, Inc., 682 So.2d 402, 403 (Ala.1996).’
“Ex parte Alloy Wheels, 882 So.2d at 822.”
Ex parte Chemical Lime of Alabama, Inc., 916 So.2d 594, 596-97 (Ala.2005).

Discussion

Lucas argues that the trial court should have entered a summary judgment in her favor on the ground that McKee’s claims against her were barred by the two-year statute of limitations set forth in § 6-2-38(0, Ala.Code 1975.[2] She bases her argument on her contention that McKee did not exercise due diligence to discover her identity as a proper party to be sued and did not add her as a defendant *926 in this case until after the limitations period had expired.
“This Court has previously stated that Rule 9(h) and Rule 15(c)(4), Ala. R. Civ. P., ‘ “allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted.” ’ Ex parte Chemical Lime of Alabama, Inc., 916 So.2d 594, 597 (Ala.2005) (quoting Fulmer v. Clark Equip. Co., 654 So.2d 45, 46 (Ala.1995)). Rule 9(h), Ala. R. Civ. P., provides:
‘“When a party is ignorant of the name of an opposing party and so alleges in the party’s pleading, the opposing party may be designated by any name, and when that party’s true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.’
“Rule 15(c)(4), Ala. R. Civ. P., provides that ‘[a]n amendment of a pleading relates back to the date of the original pleading when ... relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h), Ala. R. Civ. P.’
“In order to invoke the relation-back principle of Rule 15(c) in regard to fictitious-party practice under Rule 9(h), a plaintiff
“ ‘(1) must state a cause of action against the party named fictitiously in the body of the original complaint and (2) must be ignorant of the identity of the fictitiously named party, in the sense of having no knowledge at the time of the filing that the later-named party was in fact the party intended to be sued.’
“Crawford v. Sundback, 678 So.2d 1057, 1059 (Ala.1996).
“ ‘A plaintiff is ignorant of the identity of a fictitiously named defendant when, after exercising due diligence to ascertain the identity of the party intended to be sued, he lacks knowledge at the time of the filing of the complaint of facts indicating to him that the substituted party was the party intended to be sued. Likewise, to invoke the relation-back principle of Rule 15(c), a plaintiff, after filing suit, must proceed in a reasonably diligent manner to determine the true identity of a fictitiously named defendant and to amend his complaint accordingly.’
“Ex parte FMC Corp., 599 So.2d 592, 593-94 (Ala.1992) (emphasis added). Thus, it is incumbent upon the plaintiff to exercise due diligence to determine the true identity of defendants both before and after filing the original complaint. It is also incumbent upon the plaintiff to ‘substitute the named defendant for the fictitious party within a reasonable time after determining the defendant’s true identity,’ and ‘ “the same policy considerations which require a plaintiff to amend his complaint within a reasonable time after learning the defendant’s true identity also require the plaintiff to proceed in a reasonably diligent manner in determining the true identity of the defendant.” ’ Crawford, 678 So.2d at 1060 (quoting Kinard v. C.A. Kelly & Co., 468 So.2d 133, 135 (Ala.1985) (emphasis added)).”
Ex parte Hensel Phelps Constr. Co., 7 So.3d 999, 1002-03 (Ala.2008) (some emphasis added).
“The purpose of Rule 9(h)[, Ala. R. Civ. P.,] is to toll the applicable statute of limitations when the plaintiff has diligently pursued the identity of, but has been unable to identify, certain defendants. The fictitious name serves as a placeholder for the defendant, and Rule 15(c)[, Ala. R. Civ. P.,] allows the claim against the substituted defendant to re *927 late back to the date of the original complaint. Toomey v. Foxboro Co., 528 So.2d 302 (Ala.1988).
“ ‘Rule 9(h)[, Ala. R. Civ. P.,] is not intended to give plaintiffs additional time beyond the statutorily prescribed period within which to formulate causes of action. Instead, the principal reason for the rule is to toll the statute of limitations in emergency 'cases where [the] plaintiff knows he has been injured and has a cause of action against some person or entity, but has been unable to ascertain through due diligence the name of that responsible person or entity.’
“Columbia Eng’g Int’l, Ltd. v. Espey, 429 So.2d 955, 959 (Ala.1988) (citing Browning v. City of Gadsden, 359 So.2d 361 (Ala.1978)).”
Weber v. Freeman, 3 So.3d 825, 832 (Ala. 2008).
The cause of action underlying this case accrued on August 1, 2011,[3] and McKee filed her complaint on May 6, 2013, almost three months before the two-year limitations period was to expire. Lucas was not named as a defendant in the original complaint. Instead, several fictitiously named defendants were listed in the original complaint, and Lucas was added as a defendant by an amended complaint filed on March 21, 2014, well after the two-year limitations period had expired. Therefore, the question before this Court is whether the trial court exceeded its discretion in finding that McKee had exercised due diligence in discovering Lucas’s identity, in finding that the amended complaint related back to the original complaint, and in finding that McKee’s claims against Lucas were not barred by the statute of limitations and in denying. Lucas’s motion for a summary judgment.
Lucas argues that McKee did not act with due diligence in discovering her identity. Specifically, she contends that McKee knew or should have known that she had a possible claim against Lucas because McKee admitted in her deposition that she knew that there were two impacts with her vehicle and that three vehicles were involved in the accidents. Lucas also points out that McKee admitted that, when she picked up the accident report, she noticed that it included the information for only two vehicles and that she wondered why it did not reference the third vehicle. Finally, Lucas pointed out that McKee admitted that she had not taken any steps to locate another accident report or the driver of the third vehicle..
Lucas argues that this case is “closely analogous” to Ex parte Nicholson Manufacturing, Ltd., 182 So.2d 510 (Ala.2015), because “[b]oth cases involve situations where the information needed to discover the true identity of a fictitiously named party was available to the public more than a year prior to the filing of the complaint, and in both cases, the information was contained in an investigative report completed by law enforcement.” We agree with Lucas.
In Nicholson, Casimiro Deleon Ixcoy died on December 31, 2010, as a result of injuries from an incident at a sawmill involving a debarker machine. Five days after the accident, an attorney for Ixcoy’s estate demanded that evidence be preserved. On December 28, 2012, the administrator of his estate filed a complaint against several named and fictitiously named defendants. On January 2, 2013, two days after the statute of limitations *928 expired, the administrator filed an amendment to the complaint to substitute Nicholson, the manufacturer of the debarker machine, for a fictitiously named defendant. Nicholson moved for a summary judgment on statute-of-limitations grounds and, when that motion was denied, petitioned this Court for a writ of mandamus.
This Court granted Nicholson’s petition and issued the writ, reasoning as follows:
“[Rule 9(h), Ala. R. Civ. P.,] permits a party who is ‘ignorant of the name of an opposing party’ to identify that party by a fictitious name. Once the true name of the opposing party is discovered, the party may amend the pleadings to substitute that true name. Rule 15(c)(4), Ala. R. Civ. P.; provides that such an amendment shall ‘relate[] back to the date of the original pleading when ... relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).’
“ ‘However, the relation back principle applies only when the plaintiff “is ignorant of the name of an opposing party.” Rule 9(h); Harmon v. Blackwood, 623 So.2d 726, 727 (Ala.1993) (“In order to invoke the relation-back principles of Rule 9(h) and Rule 15(c), a plaintiff must ... be ignorant of the identity of that defendant....”); Marsh v. Wenzel, 732 So.2d 985 (Ala.1998).’
“Ex parte General Motors, 144 So.3d at 239.
“ ‘ “The requirement that the plaintiff be ignorant of the identity of the fictitiously named party has been generally explained as follows: ‘The correct test is whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously.’ Davis v. Mims, 510 So.2d 227, 229 (Ala.1987)....’”
“Ex parte Mobile Infirmary, 74 So.3d [424,] 429 [(Ala.2011)] (quoting Crawford v. Sundback, 678 So.2d 1057, 1060 (Ala.1996)(emphasis added)).
“In addition to being ignorant of the fictitiously named party’s identity, the plaintiff has a duty to exercise ‘due diligence’ in identifying such a defendant. Ex parte Mobile Infirmary, 74 So.3d at 429; Crowl v. Kayo Oil Co., 848 So.2d 930, 940 (Ala.2002). It is incumbent upon the plaintiff to exercise due diligence both before and after the filing of the complaint. Ex parte Ismail, 78 So.3d 399 (Ala.2011). Only if the plaintiff has acted with due diligence in discovering the true identity of a fictitiously named defendant will an amendment substituting such a party relate back to the filing of the original complaint. Ex parte Mobile Infirmary, 74 So.3d at 429. Therefore, if at the time the complaint is filed, a plaintiff knows the identity of the fictitiously named party or should have discovered that party’s identity, relation back is not permitted and the running of the statute of limitations is not tolled:
“ ‘[A]n amendment substituting a new defendant in place of a fictitiously named defendant will relate back to the filing of the original complaint only if the plaintiff acted with “due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue.” Ignorance of the new defendant’s identity is no excuse if the plaintiff should have known the identity of that defendant when the complaint was filed. ...’
“74 So.3d at 429 (quoting Ex parte Snow, 764 So.2d 531, 537 (Ala.1999)(emphasis added)).
“Nicholson argues that Templeton did not act with due diligence in attempting to discover its identity because, it says, Templeton should have known when he *929 filed the original complaint that Nicholson manufactured the debarker machine. Specifically, Nicholson argues that Tem-pleton failed to recognize that both a sheriffs incident report and a Department of Labor decision and order issued following the accident identified Nicholson as the manufacturer of the debarker machine. With its summary-judgment motion below, Nicholson provided a copy of the incident report, which included multiple photographs of the debarker machine on which was posted a clearly legible label stating ‘NICHOLSON.’ Further, Nicholson also provided a copy of a November 13, 2012, Department of Labor decision and order discussing the accident that resulted in Ixcoy’s death and identifying, within the inspection-summary section, the equipment allegedly involved in the accident as a ‘Nicholson’ debarker machine. Nicholson thus argues that Templeton had sufficient and readily available sources of information to lead to the discovery of its identity.
“In Ex parte Mobile Infirmary, supra, the plaintiff filed a wrongful-death action against an entity he identified in the complaint as Infirmary Health Systems, Inc., which had allegedly treated the decedent. 74 So.3d at 427. After the statutory limitations period had run, the plaintiff attempted to substitute Mobile Infirmary Association (‘Mobile Infirmary) for a fictitiously named defendant. Id. In deciding whether the substitution related back to the filing of the original complaint, we stated:
“‘The evidence attached to Mobile Infirmary’s summary-judgment motion indicates that [the plaintiff] did not act with due diligence. When he filed the original complaint, [the decedent’s] family had possessed her medical records for 20 months, and [the plaintiff] had possessed [the decedent’s] medical records for at least 3 months, including various paperwork from Mobile Infirmary, which indicated that [the decedent] had been admitted to the [Mobile Infirmary] Medical Center, had undergone surgery there, and had been treated there following her surgery. A reasonably diligent plaintiff possessing that information should have at least attempted to identify the corporation doing business as Mobile Infirmary Medical Center and include it as a defendant. See Fulmer v. Clark Equip. Co., 654 So.2d 45, 46 (Ala.1995) (holding that where plaintiff knew the allegedly defective forklift was manufactured by “Clark” and possessed forklift manuals providing Clark’s name but did not attempt to amend the complaint until after the limitations period had run, the plaintiff “did not act diligently in attempting to learn Clark Equipment’s identity”). As this Court has said,
“ ‘ “[i]f the plaintiff knows the identity of the fictitiously named parties or possesses sufficient facts to lead to the discovery of their identity at the time of the filing of the complaint, relation back under fictitious party practice is not permitted and the running of the limitations period is not tolled.”
“ ‘Clay v. Walden Joint Venture, 611 So.2d 254, 256 (Ala.1992).’
“74 So.3d at 429-30 (emphasis added). See Marsh v. Wenzel, 732 So.2d 985, 990 (Ala.1998) (holding that one could not reasonably conclude that a plaintiff was ignorant of the name of her pathologist when the pathologist was identified by name in the plaintiffs medical records).
“Like the plaintiff in Mobile Infirmary, Templeton had access to information that would have led him to discov *930 er the identity of the manufacturer of the debarker machine: photographs included in the incident report clearly showing the ‘NICHOLSON’ label on the debarker machine and the Department of Labor decision and order identifying Nicholson as the manufacturer of the debarker machine. Templeton argues, however, that he was not actually in possession of the incident report at the time the complaint was filed and, nevertheless, that he acted with due diligence in investigating and discovering Nicholson’s identity. Specifically, he argues that his current counsel did not receive copies of the incident report until after the statute of limitations had run. He also contends that the Department of Labor decision and order does not provide proper notice because, he says, it is ‘unsigned’ and ‘non-final.’ ...
“The materials before us demonstrate that the incident report containing the photographs of the Nicholson debarker machine had been available to the public since September 2011. Further, despite the fact that the Department of Labor decision and order, available since November 13, 2012, was neither final nor signed, it nevertheless identifies Nicholson as the manufacturer of the debarker machine. Both sources would have led to the discovery of Nicholson’s identity with the exercise of due diligence.
“It is true that at the time of filing the complaint Templeton was not in possession of the incident report. However, simply lacking information that discloses an unidentified defendant does not necessarily excuse the failure to exercise due diligence. In Crowl, supra, the plaintiff, Crowl, was injured when he slipped and fell at a gasoline-service station. 848 So.2d at 932. He attempted to initiate an action against the owner of the gasoline-service station; after the statute of limitations had run, Crowl discovered the name of, and attempted to substitute for a fictitiously named defendant, the actual owner of the service station, Kayo Oil Company. 848 So.2d at 933-34. This Court held that Crowl had failed to exercise due diligence because Crowl did nothing to ascertain Kayo Oil’s identity before the statutory limitations period expired. Id. at 937. Specifically, we stated that the identity of Kayo Oil could have been ascertained by requesting and reviewing the publicly available property-tax records. Id.
“The circumstances surrounding the discovery of Nicholson’s identity are analogous to those in Crowl, The incident report had been available for nearly 15 months and the Department of Labor decision and order had been available for nearly 2 months before the expiration of the statutory limitations period. Consequently, Templeton, like the plaintiff in Crowl, could have easily obtained those documents before filing the complaint. The documents are products of standard investigations into a work-site-related death. Due diligence in identifying an unknown defendant should lead a party to seek out and to consult readily and publicly available documents of importance regarding a standard investigation of an accident forming the basis of a claim. Crowl, supra. See also Ex parte Nationwide Ins. Co., 991 So.2d 1287, 1291 (Ala.2008) (finding that the substitution of a defendant for a fictitiously named party does not relate back when the plaintiff could have discovered the insurer’s identity by, among other things, reviewing an accident report). The fact that Templeton was not in possession of both documents is the result of a failure to exercise due diligence in attempting to discover Nicholson’s identity.
[[Image here]]
*931 “Because Templeton failed to act with due diligence in discovering the identity of the fictitiously named defendant, the trial court had no discretion other than to grant Nicholson’s motion for a summary judgment in its favor on the statute-of-limitations ground.... ”
Ex parte Nicholson Mfg. Ltd., 182 So.3d at 513-17 (last two emphases added; footnote omitted).
In this ease, McKee concedes that she did not make any effort to determine Lucas’s identity before she filed the original complaint, but she attempts to cast blame for her failure to do so on the responding officer, who allegedly gave her the reference number for only one accident report. The evidence does show that the officer who investigated the accidents prepared two accident reports, which were available from the Pelham Police Department within a few days after the accidents. The report McKee originally obtained listed only McKee and Gragg as drivers of the vehicles and described the first collision between their vehicles. The second report listed McKee, Gragg, and Lucas as drivers of the vehicles and described the second collision that involved all three vehicles. However, even assuming that McKee did not actually know that Lucas was the driver of the third vehicle, once she realized that the accident report she received listed only two vehicles and two drivers, she could have discovered Lucas’s identity by requesting copies of any additional accident reports involving her and/or Gragg, which were public records. See Crowl v. Kayo Oil Co., 848 So.2d 930, 937 (Ala. 2002)(“We agree with Kayo’s argument that Crowl did not exercise ‘due diligence’ to discover its identity as one of the fictitiously named defendants in Crowl’s complaint. ... The record in this case shows that had Crowl examined the property tax records for that property, he would have found that the property had been assessed in Kayo’s name.”). Cf. Weeks v. Danford, 608 So.2d 387 (Ala.1992) (denying a newly-discovered-evidence claim because, with due diligence, a third accident report could have been discovered before the trial).
Because McKee could have learned that Lucas was the driver of the third vehicle before she filed her complaint, she did not exercise due diligence in ascertaining Lucas’s identity. Also, because McKee did not act with due diligence in seeking to discover Lucas’s identity, the amendment to her complaint does not relate back to the date of the filing of her original complaint. Therefore, the trial court should have entered a summary judgment in favor of Lucas on the statute-of-limitations ground.

Conclusion

For the above-stated reasons, we grant Lucas’s petition for the writ of mandamus and direct the Shelby Circuit Court to vacate its order denying Lucas’s motion for a summary judgment and to enter a summary judgment in her favor.
PETITION GRANTED; WRIT ISSUED.
STUART, PARKER, SHAW, and BRYAN, JJ., concur.

. McKee originally filed her complaint in the Jefferson Circuit Court, On August 28, 2013, the Jefferson Circuit Court transferred the case to the Shelby Circuit Court.

. Section 6-2-38(Z), Ala.Code 1975, provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.”

. "A cause of action ‘accrues’ under § 6-5-482[, Ala.Code 1975,] when the act complained of results in legal injury to the plaintiff.” Mobile Infirmary v. Delchamps, 642 So.2d 954, 958 (Ala.1994).