This is an appeal by permission of this Court, Rule 5, Ala.R.App.P., from an interlocutory order allowing the plaintiff, Tommy Mims, to substitute Jerry P. Davis and Robert M. Hodgson as defendants and allowing the substitution for the fictitious parties to relate back to the date of filing the complaint. We reverse and remand.
Tommy Mims was allegedly injured in a work-related accident on November 24, 1983, while he was employed as a laborer at Standard Furniture Manufacturing Company (hereinafter "Standard"). One year later, on the day the statute of limitations for bringing tort actions expired, Mims filed a complaint seeking workmen's compensation benefits and damages for negligent conduct.
The complaint contained allegations against the following fictitious defendants:
 "3. X, that person or those persons, individually or otherwise, who was the general manager of Standard Furniture, Inc. at the time of occurrence made the basis of Plaintiff's complaint as Defendants, in Count 2.
 "4. Y, that person or persons, individually or otherwise, who was the corporate employee of Standard Furniture, Inc. charged with or responsible for employee safety at the time of the occurrence . . . made the basis of Plaintiff's complaint as Defendant, in Count 2."
On July 1, 1985, Robert M. Hodgson was substituted for fictitious defendant "X," and Jerry P. Davis was substituted for fictitious defendant "Y."
Mims stated in his deposition that he had known Davis for 9 or 10 years, and he admitted that at the time of the accident he knew that Davis was the personnel manager.
Also, Mims admitted that he had known Hodgson for 12 years or more and that at the time of the accident he knew that Hodgson was the company president.
In opposition to the motion for summary judgment, Mims filed an affidavit stating that at the time of the accident, he did not know the legal responsibilities of Davis and Hodgson.
The defendants' motion for summary judgment was denied and this Court granted permission to appeal.
In Dannelley v. Guarino, 472 So.2d 983 (Ala. 1985), we held that in order to invoke the relation back principles of Rules 9(h) and 15(c), Ala.R.Civ.P., the plaintiff must meet the following criteria:
 1) Plaintiff must state a cause of action against the fictitious party in the body of the original complaint; and
 2) plaintiff must be ignorant of the identity of the fictitious party, in the sense of having no knowledge at the time of the filing that the later named party was in fact the party intended to be sued.
Davis and Hodgson do not question that a cause of action was stated in the body of *Page 229 
the complaint; however, they strenuously contend that Mims had sufficient knowledge at the time of the filing of the complaint that they were in fact the parties intended to be sued. We agree.
Mims admitted knowing Davis and Hodgson for approximately 9 or 10 years and 12 years, respectively, and was able to give a general description of the jobs performed by Davis and Hodgson. Mims argues that, although he knew the identity of Davis and Hodgson, under Dannelley, supra, relation back should be allowed because he did not in fact know the legal responsibilities of these defendants. The correct test is whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously. See also, Columbia EngineeringInt'l., Ltd. v. Espey, 429 So.2d 955 (Ala. 1983); Threadgill v.Birmingham Board of Education, 407 So.2d 129 (Ala. 1981); Mintonv. Whisenant, 402 So.2d 971 (Ala. 1981); Eason v.Middleton, 398 So.2d 245 (Ala. 1981).
From the evidence in the record, it is apparent that Mims knew the identity and general responsibilities of Davis and Hodgson at the time he filed the original complaint and that he was aware, or should have been aware, that Davis and Hodgson were in fact the parties described fictitiously.
Therefore, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
JONES, ALMON, ADAMS and STEAGALL, JJ., concur.