This is an appeal by permission of this Court pursuant to Rule 5, Ala.R.App.P., from an interlocutory order allowing the plaintiff, Terry Blackwood, as personal representative of the estate of his minor son Terry Wayne Blackwood, Jr., deceased, to substitute Dr. Phillip Harmon for a fictitiously named defendant and allowing that substitution to relate back to the date of the filing of the original complaint, pursuant to Rules 9(h) and 15(c), Ala.R.Civ.P. We reverse and remand.
This wrongful death action is based on an allegation of medical malpractice. The plaintiff knew the identity of Dr. Harmon and knew the full extent of Dr. Harmon's involvement in the treatment of the minor son, before the plaintiff filed this action on February 21, 1990, against named defendants and fictitiously named defendants described as "those persons or entities which caused or contributed to cause the death of the infant [on February 4, 1989], as set forth in the complaint." On May 14, 1992, the plaintiff amended his complaint to substitute Dr. Phillip Harmon for fictitiously named defendant *Page 727 
number 3. Dr. Harmon moved for a summary judgment on the ground that the plaintiff's claims could not properly relate back and therefore were barred by the statute of limitations. The trial court denied the motion. Dr. Harmon appeals.
In order to invoke the relation-back principles of Rule 9(h) and Rule 15(c), a plaintiff must state a cause of action against the fictitiously named defendant in the body of the original complaint and must, when he files the action, be ignorant of the identity of that defendant, i.e., must have no knowledge that the fictitiously named defendant was in fact a party intended to be sued. Rule 9(h) does not, however, excuse the plaintiff's ignorance of a cause of action against the fictitiously named defendant; it only excuses, under certain circumstances, the ignorance of the name of the party against whom the plaintiff has a cause of action. See Miller v. NorwoodClinic, Inc., 577 So.2d 860 (Ala. 1991); Davis v. Mims,510 So.2d 227 (Ala. 1987); Columbia Engineering International, Ltd.v. Espey, 429 So.2d 955 (Ala. 1983); Walden v. Mineral EquipmentCo., 406 So.2d 385 (Ala. 1981); Minton v. Whisenant,402 So.2d 971 (Ala. 1981); see, also, Clay v. Walden Joint Venture,611 So.2d 254 (Ala. 1992). "A contrary rule would emasculate the statute of limitations, which sets the time period a plaintiff has in which to determine who has hurt him and how." ColumbiaEngineering International, Ltd. v. Espey, supra, at 959.
When the plaintiff filed the original complaint against the two named defendants and the fictitiously named defendants number 3 and number 4, he was apparently relying on a discussion with Dr. Edward Conner, a neonatologist, concerning the involvement in the child's death of the nurses in the nursery at the hospital and of the obstetrician who had delivered the child. Nonetheless, when a plaintiff knows the name of a physician and the involvement of that physician in the treatment of the patient, it is incumbent upon the plaintiff, before the running of the statutory period, to investigate and to evaluate his claim to determine who is responsible for the injury and to ascertain whether there is evidence of malpractice. In this case, the plaintiff did not do that.
Therefore, because the plaintiff failed to meet the criteria for invoking the relation-back principles of Rule 9(h) and Rule 15(c), the amendment to his complaint did not relate back to the date of the filing of the original complaint; consequently, the cause of action stated against Dr. Harmon was barred by the statute of limitations. Therefore, we reverse the trial court's order allowing the substitution and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
KENNEDY, J., dissents.