Nancy J. Crawford, Joe Charles Rains, Linda Wilkerson, and Connie Martin ("the plaintiffs") appeal from summary judgments for C.E. Slayton, H.C. Gregg, Ray Sundback, C.J. Kubina, Bobby A. Malone, and David Courington ("the defendants" or "these defendants"), who were substituted as defendants for parties named fictitiously in the complaints. The issue is whether the plaintiffs complied with Alabama's fictitious party practice rules so as to avoid the bar of the statute of limitations on their claims against these defendants. In particular, the defendants argue that the plaintiffs did not exercise *Page 1059 
due diligence so as to substitute them in a timely fashion for the fictitiously named defendants.
On July 3, 1989, an explosion at the 3M Corporation chemical plant in Decatur killed John Crawford, Jerry Wilkerson, and James Michael Martin and injured Joe Charles Rains. The four men were attempting to repair a leak in vessel 403-A-23, a 500-gallon chemical-blending tank, when the tank exploded. On July 3, 1991, the widows of the three men killed filed separate actions, each seeking to recover damages for the death of her husband, alleging product liability claims against five corporate defendants, and alleging claims pursuant to §25-5-11, Ala. Code 1975, against three co-employees. Joe Charles Rains brought an identical action, seeking to recover damages for the injuries he sustained as a result of the explosion. The complaints also alleged claims against an extensive list of fictitiously named defendants. The actions were consolidated for discovery.
On June 25, 1993, Martin, Wilkerson, and Rains filed amendments to their complaints in which they substituted co-employees Sundback, Kubina, Malone, Gregg, and Slayton for several defendants named fictitiously in their original complaints. On September 22, 1993, Crawford amended her complaint to substitute the same co-employees as well as co-employee Courington for various defendants named fictitiously in her original complaint. On October 13, 1993, Martin, Wilkerson, and Rains amended their complaints to substitute co-employee Courington for a fictitiously named defendant. The claims against the substituted co-employee defendants seek damages, pursuant to § 25-5-11, for willfully failing to provide a safe workplace for the four men.
The defendants filed motions for summary judgment in each of the four actions, contending that the claims against them were barred by the statute of limitations. The motions were supported by affidavits and other materials. The circuit court held a hearing on the motions, entered judgments for these six defendants, and certified the judgments as final pursuant to Rule 54(b), Ala.R.Civ.P.
Alabama's fictitious party practice is controlled by Rule 9(h), Ala.R.Civ.P., which provides:
 "When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."
(As amended effective October 1, 1995; the 1995 amendment to Rule 9(h) made no change significant to this case.) Rule 15(c), Ala.R, Civ.P., describes the operation of the practice. At the time applicable to this case, that rule read as follows: "An amendment pursuant to Rule 9(h), Fictitious Parties, is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading." To invoke the relation-back principle of Rules 9(h) and 15(c), the plaintiff (1) must state a cause of action against the party named fictitiously in the body of the original complaint and (2) must be ignorant of the identity of the fictitiously named party, in the sense of having no knowledge at the time of the filing that the later-named party was in fact the party intended to be sued. Columbia Eng'gInt'l, Ltd. v. Espey, 429 So.2d 955 (Ala. 1983).
The defendants' motions for summary judgment asserted that at the time the actions were filed the plaintiffs were not ignorant of the identities of the fictitiously named parties, or that the plaintiffs were not diligent in determining the true identities of the parties named fictitiously in the original complaints. The plaintiffs responded by arguing that the defendants had failed to make a prima facie showing that they were entitled to a judgment as a matter of law and thus had failed to shift the burden to the plaintiffs to present substantial evidence raising genuine issues of material fact. Further, the plaintiffs argued that the substitutions of these defendants related back to the date of the original complaint. A former attorney for the plaintiffs Wilkerson, Rains, and Martin submitted an affidavit stating that the identity of the defendants as persons who *Page 1060 
might have culpably contributed to the explosion was unknown until certain depositions were taken in May and September 1993 and that: "At all times during my involvement with these cases, I exercised due diligence to discover any and all parties legally responsible for the injuries and deaths suffered in the explosion."[1]
The requirement that the plaintiff be ignorant of the identity of the fictitiously named party has been generally explained as follows: "The correct test is whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously." Davis v. Mims, 510 So.2d 227, 229 (Ala. 1987). This Court has elaborated upon the requirement that the plaintiff be ignorant of the identity of the fictitiously named party by holding that the plaintiff must substitute the named defendant for the fictitious party within a reasonable time after determining the defendant's true identity, see Walden v.Mineral Equip. Co., 406 So.2d 385 (Ala. 1981), and by holding that "the same policy considerations which require a plaintiff to amend his complaint within a reasonable time after learning the defendant's true identity also require the plaintiff to proceed in a reasonably diligent manner in determining the true identity of the defendant." Kinard v. C.A. Kelly Co.,468 So.2d 133, 135 (Ala. 1985). The determination of whether a plaintiff amended the complaint within a reasonable time may include inquiry into whether the plaintiff's delay unduly prejudiced the substituted defendant. See Wallace v. Doege,484 So.2d 404 (Ala. 1986); Denney v. Serio, 446 So.2d 7 (Ala. 1984); Peek v. Merit Machinery Co., 456 So.2d 1086 (Ala. 1984).
In support of their motions for summary judgment, the defendants gave affidavits stating that before the accident they had known the four workers as co-employees and that the four workers had known them as co-employees, in some instances for many years. The defendants asserted that the plaintiffs could have found them by routine discovery, for example, by asking in interrogatories to the co-employee defendants originally named in the plaintiffs' complaints the true identities of the parties named fictitiously. Attached to the motions for summary judgment were copies of petitions to obtain and perpetuate evidence, filed in December 1989 by the plaintiffs pursuant to Rule 27, Ala.R.Civ.P., and an affidavit by an attorney for some of the defendants, who stated that on February 7, 1990, he attended an inspection of the 3M plant pursuant to those petitions. Thus, the defendants showed that the plaintiffs had begun discovery shortly after the fatal incident.
The plaintiffs argue that they were diligent and that the defendants' allegations were insufficient to shift the burden to them to produce substantial evidence of their diligence. However, we conclude that the defendants' motions were sufficient to shift the burden. The motion asserted the statute of limitations as a defense; this motion appeared on its face to have merit, because some of the substitutions of these defendants were made almost two years after the date when the statutory period of limitations ordinarily would have run, and some substitutions were made more than two years after that date. Moreover, the motions went further, asserting that the plaintiffs knew when they filed their complaints, or with due diligence could have discovered by that time, that these defendants were the parties named fictitiously in the complaints. These assertions were supported by affidavits of the defendants, three of whom stated that before the accident Rains had known them and had known their responsibilities. The defendants argued that simple discovery, such as interrogatories to the co-employee defendants who were named in the original complaints, would have disclosed their identities. They established that the plaintiffs began conducting discovery within six months *Page 1061 
after the incident, but claimed not to have learned of these defendants' alleged culpability until almost four years after the incident, or later.
In response, the plaintiffs made no showing as to why Rains's familiarity with three of the defendants did not lead to earlier substitution at least as to those three, or as to how the alleged failure to discover earlier these defendants' alleged culpability occurred in spite of due diligence. The plaintiffs simply presented a conclusory affidavit of one of their attorneys, stating that these defendants' culpability had only recently come to light in depositions, and stating: "At all times during my involvement with these cases, I exercised due diligence to discover any and all parties legally responsible for the injuries and deaths suffered in the explosion." This was not sufficient to present substantial evidence in response to the defendants' showings.
The plaintiffs cite Merritt v. Cosby, 578 So.2d 1242, 1244
(Ala. 1991), for its holding that a substitution related back because "Merritt had long known who Cosby was, but when the original complaint was filed she did not possess knowledge sufficient to identify Cosby as one who should be a party." The plaintiffs did not make a sufficient showing to come within the principle stated in Merritt; the affidavit of their former attorney stated simply that "certain information was discovered" in depositions on May 11, 1993, and September 1, 1993, "indicating" that these six defendants "could be legally responsible for the injuries and deaths." No explanation was given as to what this "information" was, why it was not discovered earlier, or why the identity of these defendants was not and could not have been otherwise discovered sooner through the exercise of due diligence. The plaintiffs also argue that the defendants have not made a showing of undue prejudice, but the long delays — the delay between the initial conducting of discovery and the amendments, the delay between the filing of the complaints and the amendments, and the delay between the running of the two-year period that appeared to bar these actions, and the amendments — are sufficient under the circumstances to support the summary judgments, without any further showing of prejudice by the defendants.
The defendants presented substantial evidence that at the time the complaints were filed the plaintiffs knew or should have known these defendants' identities as the parties described fictitiously, see Harmon v. Blackwood, 623 So.2d 726
(Ala. 1993), Clay v. Walden Joint Venture, 611 So.2d 254 (Ala. 1992), Sherrin v. Bose, 608 So.2d 364 (Ala. 1992), Miller v.Norwood Clinic, Inc., 577 So.2d 860 (Ala. 1991), and Hinton v.Hobbs, 349 So.2d 28 (Ala. 1977), or that the plaintiffs did not exercise due diligence in discovering the identities of the fictitiously named defendants, see Jones v. Resorcon, Inc.,604 So.2d 370 (Ala. 1992); Bowen v. Cummings, 517 So.2d 617 (Ala. 1987); Kinard v. C.A. Kelly Co., 468 So.2d 133, 135 (Ala. 1985). The plaintiffs made no substantial showing in opposition. The circuit court correctly entered the summary judgments for these defendants.
AFFIRMED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, and COOK, JJ., concur.
BUTTS, J., dissents.
[1] The attorney stated in his affidavit that he learned of Sundback, Kubina, Gregg, Slayton, and Malone as possible defendants at a deposition taken on May 11, 1993, and of Courington at a deposition on September 1, 1993. Thus, he said, he substituted the first five defendants on June 25, after reviewing the transcript of the May 11 deposition, and substituted Courington on October 13, after reading the transcript of the September 1 deposition. Crawford's attorney substituted all six defendants on September 22.