MAIN, Justice.
Integra LifeSciences Corporation ("Integra") petitions this Court for a writ of mandamus directing the Mobile Circuit Court to grant its motion to dismiss all claims filed against it by Tawni Brooks and her husband, Bobby Brooks. We grant the petition in part and deny it in part.
I. Facts and Procedural History
On May 19, 2014, Brooks underwent a double mastectomy and breast-reconstruction procedure at Springhill Memorial Hospital ("Springhill") in Mobile. Brooks experienced complications following her surgery, and a subsequent surgery performed on March 4, 2015, revealed that those complications were potentially related to surgical mesh implanted in her body as part of the 2014 procedure.
*816 On March 1, 2016, Brooks requested a copy of her medical records from Springhill. On the form used to request the records from Springhill, Brooks explained that the reason for her records request was to determine "what kind of mesh" had been used in her procedure. Once Brooks received her records, she provided them to her attorney.
On March 19, 2016, Brooks sued the doctor who performed the procedure and various fictitiously named defendants, including "the manufacturer of the mesh used in [Brooks]'s operation." Brooks asserted claims of medical negligence, wantonness, and fraud against her doctor and asserted a product-liability claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and a breach-of-warranty claim against the fictitiously named defendants responsible for the manufacture of the surgical mesh.[1] On January 31, 2017, Brooks amended her complaint to substitute Johnson & Johnson, Inc. ("Johnson"), and Ethicon, Inc. ("Ethicon"), as the defendants responsible for the manufacture of the surgical mesh used in her operation.
On March 4, 2017, counsel for Johnson and Ethicon e-mailed Brooks's counsel to inform him that the medical records they had obtained established that his clients did not manufacture the surgical-mesh products used in Brooks's procedure. The medical records obtained by Johnson and Ethicon related to Brooks's May 19, 2014, procedure included a document titled the "nursing intraop record." The nursing intraop record specifically identified the two types of surgical mesh used during Brooks's May 19, 2014, procedure: "SurgiMend Primatrix," a surgical mesh identified in the report as manufactured by TEI Biosciences, Inc. ("TEI"), a company acquired by Integra in 2015;[2] and Atrium mesh, a mesh identified as manufactured by Atrium Medical Corporation ("Atrium"). Counsel for Ethicon and Johnson provided the nursing intraop record to Brooks.
On March 16, 2017, Brooks voluntarily dismissed the claims against Johnson and Ethicon and filed her second amended complaint, substituting Integra and Atrium for the fictitiously named defendants alleged to have manufactured the surgical mesh.
On May 11, 2017, Integra moved for a summary judgment as to the claims against it on the grounds that Brooks's claims were barred by the applicable statute of limitations and that the second amended complaint did not relate back to the original complaint because, before filing her complaint, Brooks was provided a copy of the nursing intraop record that specifically identified SurgiMend as the surgical mesh used in her procedure. Integra supported its motion with an affidavit of Springhill's director of health-information management attesting that Brooks was provided with a copy of the nursing intraop record on March 1, 2016.
Brooks responded to Integra's motion, contending that she had not been provided the nursing intraop record by Springhill and that she had not received that document until it was provided to her lawyer by Johnson and Ethicon's counsel on March 4, 2017. She argued that, after receiving the nursing intraop record, she promptly amended her complaint to substitute *817 Integra for a fictitiously named defendant as the proper defendant manufacturer. Brooks attached her own affidavit to her response, stating that she had provided her attorney all the medical records that had been produced to her by Springhill. Brooks also attached an affidavit of her attorney, attesting that the nursing intraop record was not within the documents Brooks supplied to him.
Integra responded that, even without the nursing intraop record, Brooks had in her possession a document specifically identifying SurgiMend as a type of mesh used in her procedure. It is undisputed that the records provided to Brooks by Springhill contained the surgeon's "operative report" detailing the May 19, 2014, surgical procedure. That report mentioned SurgiMend by name, stating, in part:
"Closure of the abdominal wall defect achieved with a Prolene mesh, as well as reinforced with SurgiMend, Bovine allograft overlay achieved with 0 Prolene interrupted running fashion."
Integra argued that, with the knowledge of the specific trademarked brand name of its surgical-mesh product, Brooks, through the exercise of due diligence, should have been able to identify Integra as its manufacturer.
On March 15, 2018, the trial court entered an order denying Integra's motion for a summary judgment. This petition followed.
II. Standard of Review
" 'A writ of mandamus is an extraordinary remedy, and one petitioning for it must show: (1) a clear legal right in the petition to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court....' "
Ex parte Mobile Infirmary Ass'n, 74 So.3d 424, 427 (Ala. 2011) (quoting Ex parte Jackson, 780 So.2d 681, 684 (Ala. 2000) ).
Although mandamus will not generally issue to review the merits of an order denying a motion for a summary judgment, this Court has held that, in the "narrow class of cases involving fictitious parties and the relation-back doctrine," mandamus is the proper method by which to review the merits of a trial court's denial of a summary-judgment motion in which the defendant argues that the plaintiff's claim was barred by the applicable statute of limitations. Mobile Infirmary Ass'n, 74 So.3d at 427-28 (quoting Jackson, 780 So.2d at 684 ).
III. Analysis
This petition concerns the application of the relation-back doctrine of Rule 9(h), Ala. R. Civ. P., and Rule 15(c)(4), Ala. R. Civ. P., which " 'allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which parties can later be substituted.' " Ex parte Chemical Lime of Ala., Inc., 916 So.2d 594, 597 (Ala. 2005) (quoting Fulmer v. Clark Equip. Co., 654 So.2d 45, 46 (Ala. 1995) ). Here, Integra argues that Brooks's claims against it are barred by the statute of limitations and that the doctrine of relation back is not available to Brooks because, using information in her possession, she could have discovered Integra's identity before the statute of limitations expired.
First, we agree with Integra that the two-year statutory-limitations period for filing an AEMLD claim expired before Brooks filed her second amended complaint substituting Integra as a defendant. Section 6-2-38(l ), Ala. Code 1975, provides that "[a]ll actions for any injury to the person or rights of another not arising from contract ... must be brought within *818 two years." The statute of limitations begins to run when the cause of action accrues, which this Court has held is the date the first legal injury occurs. See, e.g., McWilliams v. Union Pacific Res. Co., 569 So.2d 702, 703-04 (Ala. 1990). Brooks alleges that, after her May 19, 2014, procedure, she began experiencing "complications" that ultimately required a March 4, 2015, follow-up procedure that removed the surgical mesh that had been put in place during the May 19 procedure and pinpointed it as the cause of her complications. Although the parties do not agree on the date the statute of limitations began to run, the allegations of Brooks's complaint make clear that her first injury occurred more than two years before she amended her complaint to add Integra as a defendant on March 16, 2017. Accordingly, unless Brooks's amendment relates back to the filing of her original complaint, her AEMLD claim against Integra is barred by the two-year statute of limitations.
Rule 15(c), Ala. R. Civ. P., permits amendments of pleadings to relate back to the date of the original pleading under certain circumstances, including when "relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)." Rule 15(c)(4). Rule 9(h) provides:
"(h) Fictitious Parties. When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."
With regard to the relation-back doctrine of Rule 9(h) and Rule 15(c)(4), this Court has explained:
"[ Rule 9(h) ] permits a party who is 'ignorant of the name of an opposing party' to identify that party by a fictitious name. Once the true name of the opposing party is discovered, the party may amend the pleadings to substitute that true name. Rule 15(c)(4), Ala. R. Civ. P., provides that such an amendment shall 'relate[ ] back to the date of the original pleading when ... relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).'
" 'However, the relation back principle applies only when the plaintiff "is ignorant of the name of an opposing party." Rule 9(h) ; Harmon v. Blackwood, 623 So.2d 726, 727 (Ala. 1993) ("In order to invoke the relation-back principles of Rule 9(h) and Rule 15(c), a plaintiff must ... be ignorant of the identity of that defendant ...."); Marsh v. Wenzel, 732 So.2d 985 (Ala. 1998).'
" Ex parte General Motors [of Canada Ltd.], 144 So.3d [236,] 239 [ (Ala. 2013) ].
" ' "The requirement that the plaintiff be ignorant of the identity of the fictitiously named party has been generally explained as follows: 'The correct test is whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously.' Davis v. Mims, 510 So.2d 227, 229 (Ala. 1987)...." '
" Ex parte Mobile Infirmary, 74 So.3d at 429 (quoting Crawford v. Sundback, 678 So.2d 1057, 1060 (Ala. 1996) (emphasis added) ).
"In addition to being ignorant of the fictitiously named party's identity, the plaintiff has a duty to exercise 'due diligence' in identifying such a defendant. Ex parte Mobile Infirmary, 74 So.3d at 429 ; Crowl v. Kayo Oil Co., 848 So.2d 930, 940 (Ala. 2002). It is incumbent upon the plaintiff to exercise due diligence *819 both before and after the filing of the complaint. Ex parte Ismail, 78 So.3d 399 (Ala. 2011). Only if the plaintiff has acted with due diligence in discovering the true identity of a fictitiously named defendant will an amendment substituting such a party relate back to the filing of the original complaint. Ex parte Mobile Infirmary, 74 So.3d at 429. Therefore, if at the time the complaint is filed, a plaintiff knows the identity of the fictitiously named party or should have discovered that party's identity, relation back is not permitted and the running of the statute of limitations is not tolled:
" '[A]n amendment substituting a new defendant in place of a fictitiously named defendant will relate back to the filing of the original complaint only if the plaintiff acted with "due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue." Ignorance of the new defendant's identity is no excuse if the plaintiff should have known the identity of that defendant when the complaint was filed ....'
" 74 So.3d at 429 (quoting Ex parte Snow, 764 So.2d 531, 537 (Ala. 1999) (emphasis added) )."
Ex parte Nicholson Mfg. Ltd., 182 So.3d 510, 513-14 (Ala. 2015).
Integra concedes that there is a question of fact as to whether and when Brooks had access to the nursing intraop report that specifically identified the surgical-mesh products used in her surgery and the manufacturers of those products. Nevertheless, Integra contends that the information contained in the operative report -- which Brooks did have when she filed her original complaint and that identified SurgiMend by name -- should have, through the exercise of due diligence, informed Brooks of Integra's identity. Integra thus contends that Brooks's amendment naming it in place of a fictitiously named defendant should not relate back to the filing of her original complaint and that her claim, therefore, is barred by the statute of limitations.
Brooks, on the other hand, argues that the single passing reference to "SurgiMend" contained within 45 pages of medical records was not sufficient to put her on notice of Integra's identity. She notes that the operative report does not name Integra, and, she argues, it was not clear from the report that "SurgiMend" was even a surgical-mesh device. She argues that, once she discovered Integra's identity, she promptly amended her complaint and substituted Integra for a fictitiously named defendant.
We conclude that Integra's argument is well taken. The operative report obtained by Brooks in March 2016 undisputedly contained the trademarked name of one of the surgical-mesh products used in her procedure -- SurgiMend. Although the surgeon's operative report employs liberal use of medical terminology, that report makes an unmistakable reference to the use of surgical mesh during Brooks's procedure, and, with it, a reference to SurgiMend: "Closure of the abdominal wall defect achieved with a Prolene mesh, as well as reinforced with SurgiMend." Surely reasonable diligence on the part of a plaintiff interested in discovering what type of mesh was used in her surgery called for inquiry as to what exactly SurgiMend was. To that end, the materials before us establish that such an inquiry would have resulted in the discovery of Integra's identity. For example, at all relevant times, information about SurgiMend, including its manufacturer, was available at the Web site www.surgimend.com and was also located on Integra's Web site. Brooks does not dispute that a simple Internet query using the word "SurgiMend" would have led her to those *820 Web sites and, ultimately, to Integra's identity as the manufacturer of the mesh.
This Court has stated that "a party is responsible for knowing the contents of medical records in its possession." Mobile Infirmary, 74 So.3d at 431. Moreover,
" '[i]f the plaintiff knows the identity of the fictitiously named parties or possesses sufficient facts to lead to the discovery of their identity at the time of the filing of the complaint, relation back under fictitious party practice is not permitted and the running of the limitations period is not tolled.' "
Id. at 430 (quoting Clay v. Walden Joint Venture, 611 So.2d 254, 256 (Ala. 1992) ). "[I]t is incumbent upon the plaintiff to exercise due diligence to determine the true identity of defendants both before and after filing the original complaint." Ex parte Hensel Phelps Constr. Co., 7 So.3d 999, 1003 (Ala. 2008).
In this case, before she filed her original complaint and before the expiration of the statute of limitations, Brooks had in her possession a medical record containing the trademarked brand name of one of the surgical-mesh products alleged to have caused her injury. Brooks apparently did nothing to investigate the name "SurgiMend" and to determine the manufacturer of that product for nearly a year after the filing of her complaint, until her lawyer was alerted by counsel for other defendants that the mesh used in Brooks's procedure was not manufactured by his clients. Under the facts of this case, we hold that Brooks did not act with the due diligence necessary to permit relation back under Rules 9(h) and 15(c)(4). See, e.g., Mobile Infirmary, 74 So.3d at 429 (holding that plaintiff who had medical records for 20 months before filing suit failed to exercise due diligence in attempting to identify the legal corporate name of the entity identified in the records as "Mobile Infirmary Medical Center"); Fulmer v. Clark Equip. Co., 654 So.2d 45, 46 (Ala. 1995) (holding that plaintiff "did not act diligently in attempting to learn Clark Equipment's identity" where the plaintiff knew the allegedly defective forklift was a "Clark" model).
Brooks also contends that her amendment should relate back to the filing of her original complaint because, she says, Integra has not established that it is prejudiced by the late amendment. "However, prejudice becomes a consideration only when an amendment would otherwise relate back to the time of filing; lack of prejudice to the non-amending party will not make an otherwise improper relation back proper, where due diligence by the amending party is lacking." 74 So.3d at 430.
Turning to the breach-of-warranty claim, however, we conclude that this petition is due to be denied. Integra has not specifically addressed the breach-of-warranty claim; instead, it suggests that all claims alleging personal injury arising from an allegedly defective product are subject to a two-year statute of limitations. A breach-of-warranty claim, however, is "separate and distinct from an AEMLD claim." See Spain v. Brown & Williamson Tobacco Corp., 872 So.2d 101, 111 (Ala. 2003) ("[A] claim alleging breach of an implied warranty of merchantability is separate and distinct from an AEMLD claim and is viable to redress an injury caused by an unreasonably dangerous product."); Vesta Fire Ins. Corp. v. Milam & Co. Constr., Inc., 901 So.2d 84, 103 (Ala. 2004) (holding breach-of-warranty claim not subsumed by AEMLD claim). A four-year statute of limitations is generally applicable to breach-of-warranty claims. § 7-2-725(1), Ala. Code 1975; Mobile Infirmary v. Delchamps, 642 So.2d 954, 957 n.2 (Ala. 1994) ("An action based on a warranty claim ordinarily must be brought within *821 four years after the cause of action accrued."). Here, Brooks's breach-of-warranty claim was asserted against Integra within four years of her May 19, 2014, surgery. Integra makes no argument as to why Brooks's breach-of-warranty claim is not governed by the four-year statute of limitations. Accordingly, Integra has not demonstrated a clear legal right to a summary judgment as to Brooks's breach-of-warranty claim based on a statute-of-limitations defense.
IV. Conclusion
As to Brooks's AEMLD claim against Integra, we grant the petition and issue the writ directing the trial court to enter a summary judgment in favor of Integra as to Brooks's AEMLD claim against it. With respect to the breach-of-warranty claim, however, Integra has not established a clear legal right to relief; as to that claim, the petition is denied.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Shaw, Wise, Bryan, Sellers, and Mendheim, JJ., concur.

Bobby Brooks has asserted a derivative loss-of-consortium claim against all defendants.

The documents before this Court include a merger agreement between Integra and TEI dated June 26, 2015. Integra does not contend that it is not the proper defendant as to the claims related to SurgiMend surgical mesh.